ROCKVILLE CONSUMERS CO-OPERATIVE ASSOCIATION V.
HENRY C. DOWDING, AS TRUSTEE AND INDIVIDUALLY

SUPERIOR COURT      TOLLAND COUNTY      FILE No. 5093

Memorandum filed June 11, 1946.

*Robert J. Pigeon,* of Rockville, for the Plaintiff.

*Bernard J. Ackerman,* of Rockville, for the Defendant.

PALLOTTI, J. This is an action by the plaintiff against the defendant, both as trustee and as an individual, in which the plaintiff seeks a decree of specific performance that the de-fendant convey the leased premises to the plaintiff and that the lease and its renewal be in full force and effect, or, in the event that specific performance is not granted, that damages be award-ed against the defendant either as trustee or individually. There is no allegation whatever in the complaint against Henry C.

Dowding as an individual and, therefore, a nonsuit may be entered against the plaintiff in so far as Henry C. Dowding individually is concerned.

There is nothing in the will of James Richard Quinn, in accordance with which will the said defendant is acting as trustee, as to the right of said trustee to enter into a lease or to sell the real estate. The trustee had authority to enter into the lease without authorization from any court. *Russell* v. *Russell,* 109 Conn. 187, 204. But the trustee did make an application to the Probate Court to lease the real estate designated as Nos. 30 and 32 Park Place in the city of Rockville for one year, monthly rental to be paid at the rate of $100 per month or at the rate of $1\frac{1}{2}$ per cent of the gross sales, not to exceed $150 per month, at the election of the lessor, with an option to renew for a period of four years under the same terms and conditions, together with an option to sell to the lessee the leased premises for the sum of $19,000 during the term of said lease or renewal.

Before the said trustee made application to the Probate Court he took the matter up with the life tenant, the widow and all the remaindermen of the estate of James Richard Quinn, and they all were satisfied and approved of said application and agreed with the trustee that it was for the best interest of the estate. The Probate Court passed the order and permitted the trustee to enter in said lease and to give an option for the sale of said leased premises.

On August 25, 1943, the defendant, as trustee of the estate and under the will of James Richard Quinn, entered into a lease agreement with the Rockville Consumers Co-operative Association practically under the same terms as agreed upon in the application to the Probate Court. The board of directors voted to enter into the lease, which also contained the option to purchase, and authorized Ralph S. Snape as president and Emma Luetjen as secretary to enter into and sign said lease in behalf of the Rockville Consumers Co-operative Association, and said lease, marked plaintiff's exhibit A, was made on August 25, 1943, by the Rockville Consumers Co-operative Association as lessee, and was signed by Ralph S. Snape as president and Emma Luetjen as secretary of said association. The lease was for one year from October 1, 1943, the rental to be $100 per month until the gross sales of the lessee shall reach the amount of

$10,000 per month, and thereafter at the rate of $150 per month for the duration of the lease. The lessor granted to the lessee the option to renew the lease for the further period of four years upon the same terms and conditions by giving notice in writing to the lessor of its intention to renew said lease at least thirty days prior to the termination of the original term. It is admitted that proper notice was given by the plaintiff to the defendant of its intention to renew said lease.

The lessee, immediately upon entering into the lease with the defendant trustee, began to spend a large sum of money, to wit, about $6500, to improve said premises for occupancy and opened said store for business on November 23, 1943. The lessor also spent some money on certain improvements to said premises.

The defendant questions whether the lease is in full force and effect and has stated that the rent paid is not the same as agreed upon in the application to the Probate Court. The defendant cannot stand by idly and see these improvements made and receive the rent for almost a year and then complain. Furthermore, the following clause is in said lease: "It is understood and agreed that the Lessor shall not terminate this lease for or on account of the failure of the Lessee or its sub-lessees or assigns to pay any monthly rental when due or to comply with any other terms of this lease without first giving to the Lessee or assigns written notice of his intention to so terminate and cancel this lease of not less than thirty days. If during said thirty-day period the Lessee shall pay such rentals or comply with the terms or conditions of this lease referred to in said notice, then the right of the Lessor to cancel or terminate this lease or renewal thereof for the cause mentioned in said notice shall cease and be of no effect." There is no evidence that the lessor in any way ever complied with the above clause to terminate and cancel the lease and, therefore, I find that the lease and its renewal is in full force and effect.

In said lease there is a clause that the lessor grant to the lessee the option to purchase the following described property for the sum of $19,000 during the term of the lease or renewal thereof. The following is the description of the leased premises for which said option is granted: "Bounded westerly by land of Amelia E. Schaeffer; northerly by land of the Pythian Building Association, Incorporated; and easterly by land of the Methodist Church Society; and southerly by Park Place, so-

called; said premises being located in the City of Rockville and Town of Vernon, County of Tolland and State of Connecticut." This is not an order of sale which was granted by the Probate Court but an option for sale, and said option in said lease (plaintiff's exhibit A) clearly describes and sets forth the description of said real estate.

On December 1, 1945, the members voted that the board of directors exercise the option to purchase the leased premises. The board of directors voted to purchase said leased premises. The membership of the Rockville Consumers Co-operative Association consists of people of the community who have invested the necessary funds therein and who patronize the store and are the stockholders of the association, and at the time of the trial the Rockville Consumers Co-operative Association consisted of approximately five hundred and fifty three members.

In December, 1945, the plaintiff was ready, willing and able to purchase said leased premises for the sum of $19,000, and the defendant refused to comply with said option and to sell said property to the plaintiff. The defendant has spent on improvements to said real estate since entering into the lease dated August 25, 1943, the following sums:

| | |
|---|---:|
| Flooring | $ 700.00 |
| Putting in New Furnace, approximately | 400.00 |
| New Foundation under Refrigerator | 50.00 |
| New Roof | 93.05 |
| Improvements to Second Floor and Hallway of Said Building | 185.00 |
| Third Floor Rent Improvements | 160.11 |
| Total | $1588.16 |

This amount should be paid to the defendant with interest at the rate of 6 per cent per annum on said expenditures.

Judgment may be entered for the plaintiff requiring the defendant, within thirty days from the date hereof, upon payment to him by the plaintiff of the agreed purchase price of $19,000, plus the $1588.16 with interest on said $1588.16, to execute and deliver to the plaintiff a good and sufficient deed of the premises in question, free from all incumbrances, and also that the defendant pay to the plaintiff $1 damages, and the plaintiff's costs.